## E. Y. ROYCE, Appellant, v. E. L. BARRAGER.

Contract: TO CREDIT ITEMS DUE ONE PARTY FROM A THIRD PERSON: *Validity.* An agreement between lessor and lessee that items of account due from the lessor to the lessee's father should be credited on the account for rent was valid, independent of the father's consent, and it was immaterial, as affecting the agreement, whether or not the father could maintain an action for the items, or whether the lessee could maintain an independent action against the lessor for the items.

PLEADING: *Construction.* The answer showing throughout by its averments that the agreement was relied on as a satisfaction of plaintiff's claims, its character as a defense was not varied by the statement that it was set up "by way of counterclaim."

EVIDENCE ON CREDITS DUE: *Authorized items.* Where in an action for rent, there was an affirmative defense of satisfaction of the amount due by items for which the lessor was liable to the lessee, evidence that the lessee, who was engaged in the drug business, had on one occasion furnished a glass for the lessor's building to a person who was in charge of the building, was admissible, provided there was other evidence that it was furnished at plaintiff's request, or that plaintiff was liable.

*Receipts.* In an action for rent the lessee alleged as a defense an agreement that items owing from the lessor to the lessee's father should be credited on the rent. The father was in the livery business, and produced a receipt showing that he had paid out money for the repairing on one of his buggies, which, he alleged, was damaged while being used by the lessor. *Held,* that the receipt was properly admitted in evidence, as the lessor might show by other evidence whether or not he was liable for such item.

Newly Discovered Evidence: *Materiality.* In an action for rent defendant pleaded payment, and testified that certain receipts of payment alleged to have been given to him, and not produced in evidence were lost. On verdict for defendant, plaintiff alleged as ground for new trial newly discovered evidence, in that a witness would testify that certain receipts showed to the witness by the defendant, and purporting to be signed by plaintiff, were forgeries. *Held,* that it not appearing that the receipts alleged to have been shown the witness were those

defendant testified were lost, the evidence was not material, and did not entitle plaintiff to a new trial.

Review on Appeal: *Conflicting testimony.* A verdict on conflicting evidence will not be disturbed on appeal.

*Appeal from O'Brien District Court.*—HON. JOHN F. OLIVER, Judge.

WEDNESDAY, JANUARY 29, 1902.

ACTION for rent accrued under an oral contract of lease. Defendant pleaded payment. Verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

*W. D. Boies* for appellant.

*Milt H. Allen* for appellee.

McCLAIN, J.—There was a plain and square conflict in the evidence, and this court must, in accordance with its usual practice, refuse to interfere with the verdict and to reverse on account of failure of the lower court to set aside the verdict as not supported by the evidence.

Appellant asked a new trial in the lower court on the ground of newly discovered evidence. It was claimed that the newly discovered evidence would show that certain receipts which defendant claims to have had for money paid plaintiff were forgeries; but the receipts were not introduced in evidence, defendant testifying that they were lost. Now, it occurs to us that evidence on the part of a witness that defendant showed him certain papers purporting to be receipts signed by plaintiff for money paid, and that what purported to be plaintiff's signature, to such receipts were not genuine, would not bear on any issue in this case. If it appeared from defendant's evidence that the papers which he showed to the witness were the receipts which he claims to have lost, then no doubt the testimony of the witness that the signatures thereto were not the signatures of plaintiff

would be admissible, but it nowhere appears that the receipts which defendant claims to have lost were the instruments exhibited to the witness. We think the evidence would have been immaterial if offered, and therefore it was not error to refuse to grant a new trial on that ground.

It was contended by defendant that items of account due from plaintiff to one George Barrager, defendant's father, were by agreement to be credited on defendant's account for rent. The parties had the right to make such an agreement, without regard to any consent thereto by George Barrager. Whether this credit would defeat an action by George Barrager for these items is immaterial in this action. This is not a case of novation of contract. It is wholly immaterial, also, whether defendant could have maintained an independent action against plaintiff for these items due George Barrager. While the items of account due George Barrager were set up in a division of defendant's answer "by way of counterclaim," that statement does not change the nature of the pleading. It is plain throughout, by the nature of the averments, that defendant relied upon the satisfaction of plaintiff's claim resulting from the agreement between them that plaintiff should be charged with his indebtedness to George Barrager; and the facts alleged, therefore, were matters properly stated by way of defense. As a matter of fact, the same credits which might constitute a conterclaim may also constitute an affirmative defense, and these credits were clearly relied upon in this case as defensive matter.

To prove one item of the account of George Barrager against plaintiff, for which defendant claims credit under the agreement as to rent, the receipt given to George Barrager for repairing one of his buggies, which had been damaged as claimed, while in use by plaintiff, was introduced in evidence. George Barrager was in the livery business, and the agreement between plaintiff and de-

fendant was that his charge against plaintiff in connection with his livery business should be credited on defendant's rent account. This charge for damage to the buggy was properly included in the account for which defendant was to have credit, provided plaintiff was liable for that item. The receipt was properly admitted in evidence to show the payment by George Barrager of this amount. Whether or not it should properly have been paid and charged to plaintiff might be shown by other evidence, and, as we have said, the weight of the evidence was for the jury. But the receipt was clearly admissible as tending to show payment.

Error is also assigned on admission of another receipt tending to show that defendant, who was engaged in the drug business, had on one occasion furnished glass for plaintiff's building to a person who was in charge of such building. This receipt was clearly admissible in evidence, provided there was other evidence that the glass was furnished at plaintiff's request, or that otherwise plaintiff was liable therefor. It simply tended to show the fact of the glass having been furnished, and to support to that exent an item of defendant's account against plaintiff. An assignment of error in the admission of the account of George Barrager against plaintiff is answered by what has already been said with reference to the agreement between plaintiff and defendant that defendant should be credited with the amount of George Barrager's account.

Having thus considered, in order, the assignments of error without finding any merit therein, we reach the conclusion that the judgment of the lower court must be AFFIRMED.